IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.: 25-CR-128 (SLS) |
| v. | : | 18 U.S.C. § 922(g)(1) |
| DERRICK JAMES MILLER, | : | Sentencing: November 5, 2025 |
| Defendant. | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this Memorandum in Aid of Sentencing. On July 21, 2025, Defendant pled guilty to Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of Title 18, United States Code, Section 922(g)(1) (Count One of the one-count indictment). The Court has scheduled a sentencing hearing for November 5, 2025.

Through Defendant's lengthy criminal history, Defendant has shown an inability to comply with the law and a poor adjustment to community supervision. Moreover, when Defendant was found in unlawful possession of a loaded firearm—the crime at the heart of this case—he also was found in possession of two high capacity feeding devices, 37 rounds of ammunition, and about 1.5 pounds of marijuana, along with packaging materials, none of which has factored into his recommended sentence under the U.S. Sentencing Guidelines (U.S.S.G. or Guidelines). The government respectfully requests that the Court impose a sentence at the high end of the undisputed Guidelines range of 15 to 21 months, followed by a period of supervised release of 3 years. Such

1

a sentence would be "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2) and thereby would serve the interests of justice.

## FACTAL BACKGROUND

In March 2011, Defendant was sentenced in the Circuit Court of Maryland for Calvert County, case no. 04-K-10-000216, for his November 2010 conviction for Sex Offense Third Degree, in violation of Maryland Code §3-307. Presentence Investigation Report (PSR) (ECF No. 21) at ¶¶ 16 & 43. He was sentenced to serve a sentence of imprisonment longer than one year—namely, 6 years of imprisonment with all but 18 months suspended. Because of this felony conviction and at least three others, detailed below, federal law prohibits Defendant from possessing a firearm. *Id*. at ¶ 16.

In February 2025, Defendant resided in Washington, DC. On February 6, 2025, officers and detectives with the Metropolitan Police Department (MPD) executed a search warrant at Defendant's residence in Washington, DC. During the search, MPD discovered a firearm, specifically, a Sig Sauer Model P365 semiautomatic firearm, serial no. 660F41848, in a laundry bag in the bedroom Defendant shared with his wife. *See* Exhibit 1. The firearm was loaded with ten 9mm cartridges of ammunition. MPD also discovered additional ammunition (37 9mm cartridges) inside a shoebox outside the bedroom door; two Smith and Wesson high capacity feeding devices, one of which was loaded with 14 9mm cartridges, in or on a nightstand in the bedroom belonging to Defendant in the bedroom he shared with his wife; and a gun cleaning kit in the living room. *See* PSR at ¶¶ 17-18; Exhibits 2-5.

After being advised of and waiving his *Miranda* rights, Defendant agreed to be interviewed post-arrest. Defendant admitted to possessing the Sig Sauer firearm and the ammunition. Defendant stated that he had possessed the firearm for more than a year and had found it on a job

site in Maryland. PSR at ¶ 19. Defendant showed the interviewing officer photos of this firearm (*see* Exhibit 6), as well as a photo showing multiple firearms that he claimed to no longer possess but to have sold or otherwise disposed of (*see* Exhibit 7). He also admitted to shooting the Sig Sauer firearm in his backyard to make sure it worked.

There are no firearm or ammunition manufacturers in the District of Columbia. Smith and Wesson is a U.S. firearms manufacturer located in Springfield, Massachusetts, that manufactures its firearms in Massachusetts. The firearm and ammunition Defendant possessed in this case thus have traveled in and affect interstate commerce. PSR at ¶ 20.

During the execution of the search warrant, MPD also discovered about 1.5 pounds of marijuana, along with various packaging materials, inside a backpack underneath the bed in Defendant and his wife's bedroom (*see* Exhibits 8-15; ECF No. 21 at ¶ 20a). Defendant claimed during the post-arrest interview that this marijuana was for his personal use and for the use of his wife and adult children and stepchildren. He claimed to buy marijuana in bulk (one pound at a time) and that he purchased one to two pounds each month for between $1,000 and $1,400 per pound. Defendant denied selling drugs—although he did state that he did not give marijuana to his sons for free, implying he does sell it to family members. The government ultimately opted not to charge Defendant for his possession of these drugs.

## APPLICABLE LAW

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Gall*, 552 U.S. 38, 49 (2007). The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions" and are the "starting point and the initial benchmark." *Id*. at 46-49. The district court should next consider all of the applicable factors set

forth in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 49-50. Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in § 3553(a). *United States v. Rita*, 551 U.S. 338, 347-50 (2007). The § 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment; (3) the Sentencing Guidelines and related Sentencing Commission policy statements; and (4) the need to avoid unwarranted sentence disparities. 18 U.S.C. § 3553(a).

## APPLICABLE GUIDELINES RANGE

Pursuant to U.S.S.G. § 2K2.1(a)(6)(A), Defendant's base offense level is 14. PSR at ¶ 25; plea agreement at ¶ 4.A. The parties have agreed that no upward adjustments apply. The government has agreed to recommend a two-level decrease in the adjusted offense level pursuant to U.S.S.G. §§ 3E1.1 for Defendant's acceptance of responsibility, resulting in a total offense level of 12. Plea agreement at ¶ 4.A; PSR at ¶¶ 32 & 34. Defendant's criminal history category is III. PSR at ¶ 46. Accordingly, the applicable Guidelines range in this case is 15 to 21 months for Count One, along with 1 to 3 years of supervised release. *See* PSR ¶¶ 100 & 104.

Defendant has not reserved the ability to argue for any downward departures. Plea Agreement at ¶ 4.D.; PSR at ¶ 9.

## SENTENCING FACTORS

### *Nature and Circumstances of the Offense*

By his own account, Defendant discovered the Sig Sauer firearm at the heart of this case on a job site in Maryland. Faced with a choice as to how to handle this situation, Defendant chose

4

to take this firearm and keep it, despite having at least three prior felony convictions, for Grand Larceny in August 1998, Sex Offense - Third Degree in November 2010, and Felon in Possession of Ammunition in December 2011. PSR at ¶¶ 37, 43, and 44. He also chose to test fire this firearm in his backyard. Ultimately, Defendant stored this firearm, loaded with ten rounds of ammunition, in the bedroom he shared with his wife. This is a serious crime. Moreover, Defendant also possessed an additional 37 rounds of ammunition; two high capacity feeding devices, one of which was loaded with 14 rounds of ammunition; and approximately 1.5 pounds of marijuana, along with packaging materials. *Id*. at ¶ 20a. Defendant's applicable Guidelines range does not account for any of these additional items, which add to the seriousness of the offense and further weigh in favor of a sentence at the high end of the Guidelines range.

### *History and Characteristics of the Defendant*

Defendant is a 47-year-old U.S. citizen who, except for five years in Virginia, is a lifelong resident of the District of Columbia. PSR at ¶¶ 65 & 67. He reportedly dropped out of high school in the 11th grade because he needed to work but then obtained his GED while incarcerated in Virginia. *Id*. at ¶¶ 87-88. Defendant has worked in the home improvement field since the early 1990s. *Id*. at ¶ 90.

Defendant has a lengthy criminal history dating back to 1993 when he was 15. His one juvenile adjudication was for driving without a permit. *Id*. at ¶ 35. In addition to his three prior felony convictions, for Grand Larceny (August 1998), Sex Offense - Third Degree (November 2010), and Felon in Possession of Ammunition (December 2011), *id*. at ¶¶ 37, 43, and 44, Defendant has sustained adult convictions for Possession with Intent to Distribute Marijuana (September 1996), Petit Larceny (January 1999), Possession of Marijuana (July 2000), CDS: Possession of Marijuana (July 2003), Possession of Marijuana, Possession of Paraphernalia, and

three traffic violations (November 2003), CDS: Possession of Marijuana (May 2006), and two counts of Non-Support of Minor Child (October 2017). *Id*. at ¶¶ 36, 38-42, and 45. Particularly troubling are reports of Defendant's non-compliance with conditions of supervision imposed for his 2011 conviction for Sex Offense - Third Degree, including contact with minor children, and his failure to pay child support for four of his children. *Id*. at ¶¶ 43 & 45. The circumstances of the sex offense conviction, involving a year-long sexual relationship between Defendant and his neighbor's teenage daughter, beginning when she was 14 and he was 27, are also troubling.

Defendant's repeated criminal activity, starting in 1993 when he was 15, continuing steadily with 10 adult convictions from 1996 to 2017, and including the instant charges, weighs in favor of a significant sentence. Although Defendant has acknowledged his criminal conduct and accepted responsibility by pleading guilty, this willingness to accept responsibility for his actions in this case will result in a three-point reduction in his offense level. The factors this Court must consider under 18 U.S.C. § 3553 warrant a sentence at the high end of the 15 to 21-month Guidelines range.

### *The Need to Promote Respect for the Law, to Provide Just Punishment, to Afford Adequate Deterrence, and to Protect the Public*

A significant sentence, one at the high end of the applicable Guidelines range of 15 to 21 months, is warranted to promote respect for the law, to protect the public, to provide sufficient deterrence, and to justly punish Defendant given the lengthy and repeated nature of his lawless conduct both out of prison and while under community supervision. Also relevant to Defendant's sentence is his prior conviction for Felon in Possession of Ammunition in December 2011, for which he served six months in jail. This sentence apparently was not enough to dissuade Defendant from possessing firearms and ammunition in the future.

Deterrence of criminal conduct is likely affected by both the risk of getting caught and the negative consequences that flow from getting caught. Deterrence—and the protection of the public—thus depends on the threat of a lengthy prison sentence or other significant negative consequence. Specific deterrence as to Defendant is needed to ensure he does not engage in similar criminal conduct in the future, given his prior similar conviction.

A sentence at the high end of the Guidelines range would protect the public. Defendant has shown an inability to comply with the law, including court-ordered child support, and a poor adjustment to community supervision. A significant sentence also would help serve as a deterrent to others who may be tempted to obtain a firearm despite being prohibited from possessing one due to one or more prior felony convictions.

### *The Need to Avoid Unwarranted Sentencing Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct*

Because the government's recommendation is within the applicable Sentencing Guidelines range, it is in the "heartland" of sentences imposed for this offense and thus accomplishes the goal of avoiding unwarranted sentence disparities. *See* U.S.S.G. ch 1, pt. A, cmnt 4(b). Moreover, viewed in light of past sentences for similar violations, a sentence within the applicable Guidelines range is within the realm of sentences imposed on similarly-situated defendants. *See* U.S.C. § 3553(a)(6) (court shall consider sentences of "defendants with similar records who have been found guilty of similar conduct"); *e.g., United States v. Allan James*, Case No. 1:17-cr-00184-RCL (June 18, 2019) (defendant was assigned to Criminal History Category IV and faced a Guidelines range of 21-27 months for his conviction for being a felon in possession of a firearm; Judge Lamberth applied an upward variance of 9 months and sentenced defendant to 36 months).

Accordingly, sentencing Defendant at the high end of the applicable Guidelines range would not result in an unwarranted sentencing disparity.

**CONCLUSION**

The government recommends the Court sentence Defendant to a term at the high end of the applicable Guidelines range of 15 to 21 months, along with a 3-year period of supervised release. Such a sentence would be appropriate and warranted given the nature and circumstances of the offense; the history and characteristics of Defendant; and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public, and to avoid unwarranted sentencing disparities.

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:   */s/JOLIE F. ZIMMERMAN*
Jolie F. Zimmerman
Assistant United States Attorney
D.C. Bar No. 465110
601 D Street, N.W.
Washington, D.C. 20530
Jolie.Zimmerman@usdoj.gov
202-252-7220